UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMICKO MURRAY MCIVER, | |
| Plaintiff, | |
| -against- | 20-CV-6061 (LLS) |
| YONKERS CITY POLICE DEPT. RIVERDALE AVE.; DEFENDANT WANTED BEFORE 5/30/20; JUSTIN KURBY, | ORDER OF DISMISSAL |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*. By order dated September 25, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the Court's general complaint form. She checks the boxes on the forms invoke the Court's federal-question and diversity-of-citizenship jurisdiction. In response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "I was as[sa]ulted. I made a police report. My belong[ings] are in the defendants car which is in police impound since 5/30/20. I have a police report I been seeking since my belonging. Police report not found spoke to Mayor No call back." (ECF No. 1, at 2.)

The following allegations are taken from the "Facts" section of the complaint form. On May 30, 2020, Plaintiff attended a cookout at a private residence in Yonkers, New York. Defendant Justin Kurby was among the guests. A woman at the party started an argument and

attacked Plaintiff's adult daughter. Plaintiff positioned herself between her daughter and the other woman, and Kurby threw Plaintiff out of the way. (*Id.* at 5.)

Kurby then attacked Plaintiff's daughter, throwing her "from one side of a parked car passenger's hood side to the drivers side and she hit the ground." (*Id.* at 6.) Plaintiff attempted to assist her daughter, and Kurby "came over and was swinging both of his fist[s] so wildly at me striking me all in the head and face to my tent, book bag[,] my daughers belongings and put them in his car and drove off crashed the car." (*Id.* at 6.)

Plaintiff alleges that she "suffered damages, stolen property trying to retrieve [her] and [her] daughters belongings." (*Id.*)

On the section of the complaint form to state the relief she is seeking, Plaintiff writes, "Yonkers did not help me have phone record since 05/30/20. No help Need belongings of my & my daughter's 3 cellphone were broke that night of mines and my daughters." (*Id.*)

Plaintiff appends to the complaint medical prescription forms, a number of unreadable photocopied pages, photographs, and phone records. (*See id.* at 7-22.)

The Court construes the complaint as asserting claims against the City of Yonkers, the Yonkers Police Department, the Yonkers Mayor's Office, and Justin Kurby.[1]

---

[1] In the caption of the complaint, Plaintiff lists as defendants "Yonkers City of," "Police dept Riverdale Ave," "defendant Wanted before 5/30/20," "Justin Kurby." (*Id.* at 1.) On the section of the complaint form to list the defendants and their addresses, she lists three defendants: (1) Yonkers Police Department, Third Precinct, "badge #290 & #498, Incident # 20072625"; (2) "Justin Kurby has A Warrant from Violation of Probation & running around Ass[a]ulting people"; and (3) Yonkers Mayors Office.

## DISCUSSION

The Court construes Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983 that defendants violated her federal constitutional rights.[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.   Claims against the Yonkers Police Department and Yonkers Mayors Office

Plaintiff's claims against the Yonkers Police Department and Yonkers Mayor's Office must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses any claims Plaintiff may be asserting against the Yonkers Police Department and Yonkers Mayor's Office for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff also invokes the Court's diversity jurisdiction, but she fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates that both she and each of the listed defendants reside in the State of New York, precluding complete diversity of citizenship.

### B.    Claims against the City of Yonkers

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's fails to allege any facts suggesting that the City of Yonkers has a policy, custom, or practice that has caused a violation of her constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the City of Yonkers. See 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Claims against Justin Kurby

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

5

As Defendant Justin Kurby is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Procedural Due Process claim

The Court liberally construes Plaintiff's allegation that she has been unable to retrieve her property from Kurby's impounded car as asserting a claim under the Due Process Clause of the Fourteenth Amendment. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)).

A government agent's random and unauthorized act does not violate due process if a meaningful post-deprivation remedy is available; that is, when the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *see also Rivera–Powell v. New York City Bd. of Elections,* 470 F.3d 458, 465 (2d Cir. 2006) (holding that "[w]hen the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy."). If the state provides a procedure to address a deprivation, "there will be no claim before the federal court, whether or not [the] plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

New York law provides adequate remedies for any loss of property. *See, e.g.*, *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (noting that the plaintiff had "a state law cause of action against [the] defendants for negligence, replevin, or conversion which could

fully compensate him for his alleged property loss"); *David v. N.Y.P.D 42nd Precinct Warrant Squad*, No. 02-CV-2581, 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) (same).

Here, because New York provides adequate remedies to compensate Plaintiff for her alleged property loss, she cannot claim a denial of due process under the Fourteenth Amendment, even if she failed to take advantage of those remedies. The Court therefore dismisses Plaintiff's due process claims, brought under § 1983, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:   September 30, 2020
        New York, New York

                                                   /s/ Louis L. Stanton
                                                     LOUIS L. STANTON
                                                         U.S.D.J.